[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
Summary judgment is entered on the first count. Paragraphs 13 and 14 of the plaintiff's complaint claim the existence of a contract of insurance between the parties attached as exhibit 1. The defendant's answer admits that allegation. Paragraph 8 of the contract of insurance states in pertinent part "this insurance is subject to the following deductibles: $75,000 each occurrence as respect pollution claims, $25,000 each occurrence as respect all other claims."
The defendant further admitted that the claim on Caserta against the defendant was settled by the plaintiffs for $35,000. Although the answer denies any deductible was agreed to as part of the contract of insurance, the defendant offered no supporting papers in apposition to the motion for summary judgment.
"Under Connecticut law, an insurance policy, like any other contract, is to be given a reasonable interpretation, and the words used are generally to be accorded their ordinary and customary meaning." RLI Insurance Co. v. Hartford Accident and Indemnity Co., 980 F.2d 120 (2d Cir. 1992). "[As a general matter], where the language of a contract is to be given effect in accordance with its terms." Bernard v. Bernard, 214 Conn. 99,110 (1990). The language in this insurance contract is clear and unambiguous and therefore is to be given effect in accordance with its terms. Summary Judgment is therefore entered on the first count.
The motion for summary judgment as to the 2nd and 3rd count is denied as both counts contain genuine issues of material fact.
LAWRENCE L. HAUSER, JUDGE CT Page 3828